IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JULIAN SESSIONS,                        3:14-CV-00433-BR

            Plaintiff,                  OPINION AND ORDER

v.

SHIRLEY VOLLMULLER
individually, and in her
official capacity; KATHLEEN
HYNES in her official
capacity; and DOES 1-10,

            Defendants.


JULIAN SESSIONS
18305 S.W. Broad Oak Court
Beaverton, OR 97007
(503) 330-3124

            Plaintiff, *Pro Se*

ELLEN ROSENBLUM
Attorney General
JESSICA B. SPOONER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

            Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#14) to Dismiss [Plaintiff's Complaint] and Defendants' Motion (#21) to Dismiss Plaintiff's First Amended Complaint.  For the reasons that follow, the Court **GRANTS** Defendants' Motions and **DISMISSES** this matter **without prejudice**.


## BACKGROUND

The following facts are taken from Plaintiff's Complaint and First Amended Complaint.

On March 22, 2012, Oregon's Department of Human Services (DHS) "served an initial founded disposition alleging child neglect against the Plaintiff involving 'NS', as a result of an incident occurring on September 23, 2011."  Compl. at ¶ 10, Am. Compl. at ¶ 10.

On May 8, 2013, Plaintiff requested a local DHS office review of the founded disposition of child neglect.

On August 8, 2013, the DHS "served the local office decision . . . that upheld the founded disposition of child neglect."

On September 6, 2013, Plaintiff requested a central DHS office review of the founded disposition.

In 2013 Plaintiff sought work in a child-care facility and was informed by the facility that he was required to obtain CBR enrollment as a precondition to employment.  On October 22, 2013,

2 - OPINION AND ORDER

Plaintiff applied to the Oregon State Office of Child Care (OCC) to enroll in the Central Background Registry (CBR), which, according to Plaintiff, is mandatory under Oregon Administrative Rules to work in designated child-care facilities within the State of Oregon.

On October 23, 2013, the DHS "served a central office decision upholding the determination of child neglect against the Plaintiff."  Compl. at ¶ 16, Am. Compl. at ¶ 16.

On October 31, 2013, Plaintiff sent a letter to DHS and requested a hearing to contest the child-neglect founded disposition.

On November 5, 2013, the OCC sent Plaintiff a letter in which it advised Plaintiff:  "We find that you have a founded Neglect Lack of Supervision case from March 15, 2012 with the Department of Human Services (DHS) Child Protective Services." Am. Compl. at ¶ 18.  The OCC advised Plaintiff to submit to the OCC written reasons for the OCC to allow Plaintiff to enroll in the CBR.

On November 14, 2013, Defendant Shirley Vollmuller, a DHS Program Manager, responded to Plaintiff's October 31, 2013, letter and advised Plaintiff that there were not any more "steps or actions for the Plaintiff in regards to the founded neglect determination."  Am. Compl. at ¶ 19.

On December 4, 2013, Plaintiff replied to the OCC's

November 5, 2013, letter and advised he "was in disagreement with the founded DHS neglect determination."  Am. Compl. at ¶ 20.

On January 13, 2014, Plaintiff sent a letter to Vollmuller and reiterated his desire for a hearing on the DHS decision.

On January 21, 2014, Defendant Kathleen Hynes, the Legal Compliance Manager of the OCC, sent Plaintiff a letter denying his request to be enrolled in the CBR.  Hynes noted Plaintiff was denied enrollment because Plaintiff's "criminal history indicates a founded case of Neglect from March 2012 with the [DHS]."  Am. Compl. at ¶ 22.

On March 17, 2014, Plaintiff filed a Complaint *Pro Se* in this Court pursuant to 42 U.S.C. § 1983 in which he alleged Defendants denied him substantive due process with respect to the DHS founded decision, DHS's dissemination of that decision to OCC, and OCC's use of the founded decision to deny Plaintiff enrollment in the CBR.  Plaintiff sought damages and injunctive relief.

On May 16, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint on the ground that his claim is barred by the *Younger* Abstention Doctrine.

On June 1, 2014, Plaintiff filed a Response to Defendants' Motion to Dismiss.

On June 9, 2014, Plaintiff filed a First Amended Complaint without prior permission of the Court or the agreement of

4 - OPINION AND ORDER

Defendants.  In his First Amended Complaint Plaintiff added facts

in support of his substantive due-process claim.

On June 18, 2014, Defendants filed a Reply in support of

their Motion to Dismiss.

On June 23, 2014, Defendants filed a Motion to Dismiss First

Amended Complaint.

The Court took both Motions to Dismiss under advisement on

July 24, 2014.


## STANDARDS

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face."  [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id.* at 556.
> . . .  The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell

Atlantic*, 550 U.S. at 555-56.  The court must accept as true the

allegations in the complaint and construe them in favor of the

plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally

5 - OPINION AND ORDER

consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted).  "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Id*. (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (quotation omitted).

## DISCUSSION

As noted, Defendants move to dismiss Plaintiff's Complaint and First Amended Complaint on the ground that Plaintiff's claim is barred by the *Younger* Abstention Doctrine.

## I.    *Younger* **Abstention Doctrine**

"In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings."  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)(citing *Younger*, 401 U.S. 37, 43-54 (1971)).  "The [Supreme] Court, citing comity concerns, later extended the *Younger* principle to civil enforcement actions 'akin to' criminal proceedings and to suits challenging 'the core of the administration of a State's judicial system.'"  *Id*. (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975), and *Juidice v. Vail*, 430 U.S. 327, 335 (1977)).

In *Sprint Communications, Inc. v. Jacobs* the Supreme Court held the *Younger* Abstention Doctrine is limited to "three exceptional categories" of cases:  (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts."  134 S. Ct. 584, 588 (2013).  Accordingly, the Ninth Circuit concluded in *ReadyLink* that

7 - OPINION AND ORDER

> *Younger* abstention is appropriate only when the
> state proceedings:  (1) are ongoing, (2) are
> quasi-criminal enforcement actions or involve a
> state's interest in enforcing the orders and
> judgments of its courts, (3) implicate an
> important state interest, . . . (4) allow
> litigants to raise federal challenges, . . . [and
> (5)] the federal action would have the practical
> effect of enjoining the state proceedings. . . .
> Each element must be satisfied, and the date for
> determining whether *Younger* applies is the date
> the federal action is filed.

754 F.3d at 758 (quotations omitted).

When a court finds abstention appropriate under *Younger*, the court must dismiss the matter without prejudice.  *Howard v. City of Milton*, 63 F. App'x 978, 978 (9th Cir. 2003).  *See also Beltran v. Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).

## II.  Analysis

Defendants assert Plaintiff's claim is barred by the *Younger* Abstention Doctrine because Plaintiff's challenge to the DHS's finding of child neglect is currently pending in state court, the state proceeding in which Plaintiff challenges the DHS's finding is the kind of quasi-criminal enforcement action to which abstention applies, the proceedings implicate the important state interest of protecting children from neglect, Plaintiff is allowed to raise constitutional challenges in his state-court case, and this Court's ruling would have the effect of enjoining and interfering with ongoing state-court proceedings if this Court decided Plaintiff's claim and granted injunctive relief.

Plaintiff asserts in his Response that the *Younger*

8 - OPINION AND ORDER

Abstention Doctrine does not apply to this kind of state-court proceeding.  Plaintiff relies on the Supreme Court's holding in *Sprint* to support his assertion.

Defendants, however, note the Supreme Court found in *Sprint* that the kinds of quasi-criminal enforcement actions that implicate the *Younger* Abstention Doctrine specifically include a "state-initiated proceeding to gain custody of children allegedly abused by their parents."  134 S. Ct. at 592 (citing *Moore v. Sims*, 442 U.S. 415, 419–420 (1979)).  In *Moore* the Supreme Court concluded "removal of a child in a child-abuse context is . . . in aid of and closely related to criminal statutes."  442 U.S. at 423 (quotation omitted).  The Supreme Court, therefore, concluded the *Younger* Abstention Doctrine was applicable in a child-abuse context.

Based on *Moore* and *Sprint* the Court concludes the state-court proceedings challenging the DHS's finding of neglect of a child are the kind of quasi-criminal enforcement actions that implicate the *Younger* Abstention Doctrine.  The Court also concludes the state-court proceedings implicate the important state interest of protecting children from neglect, Plaintiff is allowed to raise constitutional challenges in his state-court case, and any action taken by this Court with respect to Plaintiff's claim would have the effect of interfering with the ongoing and currently pending state-court proceedings.  The

9 - OPINION AND ORDER

Court, therefore, concludes the *Younger* Abstention Doctrine applies.

Accordingly, the Court grants Defendants' Motions to Dismiss.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#14) to Dismiss [Plaintiff's Complaint] and Defendants' Motion (#21) to Dismiss Plaintiff's First Amended Complaint and **DISMISSES** this matter **without prejudice**.

IT IS SO ORDERED.

DATED this 22nd day of September, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge